# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: April 23, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LORI WELCH, | * | UNPUBLISHED |
| | * | |
| | * | No. 17-1779V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Dismissal Decision; |
| AND HUMAN SERVICES, | * | Influenza ("Flu"); Shoulder Injury |
| | * | Related to Vaccine Administration |
| Respondent. | * | ("SIRVA") |
| * * * * * * * * * * * * | | |

*Scott W. Rooney,* Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
*Lara A. Englund,* Department of Justice, Washington, D.C., for respondent.

## DECISION DISMISSING PETITION[1]

On November 13, 2017, Lori Welch ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on October 7, 2014, she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") and developed fibromyalgia with diffuse tender spots.  Petition at ¶ 15.  Petitioner filed a statement of completion on March 6, 2018.  ECF no. 15.  On August 28, 2018, respondent filed a status report indicating he intended to defend against this claim.  Respondent ("Resp.") Status Report (ECF No. 23).  The undersigned held an initial status conference on April 15, 2019.  *See* Scheduling Order (ECF No. 25).

During the status conference, I observed that the medical records indicated that petitioner's main hurdle to overcome is the onset of her SIRVA injury.  *Id.*  Specifically, the medical records made it particularly difficult to discern which symptoms she was experiencing

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision." *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et. seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. §§ 300aa of the Act.

were related to the alleged vaccine injury and to her non-specific pain disorder. The undersigned gave petitioner the opportunity to file additional medical records to support her claim. *Id.* at 2.

On April 18, 2019, petitioner filed a motion for a decision dismissing her claim. Petitioner's ("Pet.") Motion (ECF No. 26). The motion provides that an investigation of the facts and science supporting petitioner's case has demonstrated to her that she will be unable to prove that she is entitled to compensation in the Program. *Id.* at ¶ 1. To proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id.* at ¶ 2.

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present cast, petitioner does not allege a Table injury. Thus, to prevail on entitlement, petitioner must establish that the flu vaccine she received is the actual cause of her injuries. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, the medical records do not establish causation for either a "Table Injury" *or* an "off-Table" injury which was caused-in-fact by the vaccine. Further, with regard to the "off-Table" injury, petitioner has not submitted an expert report in support of her claim. Petitioner has not met her burden of proof. Therefore, her claim cannot succeed and it must be dismissed. §11(c)(1)(A).

**The petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgement is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).