# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: July 8, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| LORI WELCH, * | | |
| * | | No. 17-1779V |
| Petitioner, * | | |
| v. * | | Special Master Gowen |
| * | | |
| SECRETARY OF HEALTH * | | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES * | | Voluntary Dismissal |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * * * * * * * | | |

Scott W. Rooney, Nemes Rooney, P.C., Farmington Hills, MI, for petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 13, 2019, Lori Welch ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 31). For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$9,708.91**.

### I.    Procedural History

On November 13, 2017, petitioner filed a petitioner for compensation in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") and fibromyalgia as a result of receiving the influenza ("flu") vaccination on October 7, 2014.  *Id.* at ¶¶ 6, 8, 15.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On April 8, 2019 petitioner filed a Motion for a Decision Dismissing Petition to voluntarily withdraw her claim. (ECF No. 26). On April 23, 2019, I granted petitioner's motion and dismissed petitioner's claim. (ECF No. 27). Judgment was entered on May 8, 2019. (ECF No. 29).

On June 13, 2019, petitioner filed a motion for attorneys' fees and costs. Pet. Fees App. (ECF No. 31). Petitioner requests compensation for her attorney, Mr. Scott Rooney, in the total amount of $9,814.92. This represents $9,290.00 in attorney's fees and $524.92 in costs. Pet. Fees App. at 2.

On June 28, 2019, respondent filed a response to petitioner's motion which provides that "[r]espondent defers to the Special Master as to whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and requests that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 32). The matter is now ripe for adjudication.

## II.     Legal Standard

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

2

### III.   Analysis

I find no reason to doubt the good faith and reasonable basis for which the claim was brought.  Petitioner asserted that she suffered a SIRVA and fibromyalgia as a result of receiving the flu vaccination.  Petition at ¶¶ 11-15.  At the April 15, 2019 status conference after respondent filed his Rule 4(c) report, the issues of the difficulty in distinguishing between petitioner's two injuries and problems with the date of onset of petitioner's SIRVA injury were discussed.  *See* Scheduling Order at 1 (ECF No. 25).  I encouraged petitioner's counsel to discuss these issues with his client and determine how to proceed in this case.  *Id.*  He did so and prudently filed a motion to dismiss the petition, thus not utilizing more of the court's or respondent's time in litigating this case.

Although it appeared unlikely that petitioner would be entitled to recovery after careful review by respondent and myself, I find that petitioner initially had evidence of a medical condition that could be caused by vaccination.  Additionally, by dismissing the claim after a review of the facts at the status conference, the amount of fees and costs were limited.  Accordingly, I find that petitioner should be awarded reasonable attorneys' fees and costs.

### IV.   **Reasonable Attorney's Fees and Costs**

####   a.  **Hourly Rate**

Petitioner requests compensation for her attorney, Mr. Scott Rooney.  Pet. Fees App. at 1.  Petitioner requests Mr. Rooney be compensated at a rate of $300.00 per hour for work done through January 1, 2018 and a rate of $350.00 per hour for work done from January 1, 2018.  Petitioner also requests compensation for a paralegal[3] at a rate of $60.00 per hour.

Mr. Rooney has been awarded these attorney and paralegal rates by myself and other special masters in the Vaccine Program.  *See, e.g.*, *N.W. v. Sec'y of Health & Human Servs.*, No. 07-93V, 2019 WL 1953319, at *2 (Fed. Cl. Spec. Mstr. Mar. 18, 2019); *Thomas v. Sec'y of Health & Human Servs.*, No. 14-966V, 2018 WL 5725184, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018); *Pavan as next friend of J.P. v. Sec'y of Health & Human Servs.*, No. 14-60V, 2018 WL 4390511, at *2 (Fed. Cl. Spec. Mstr. Aug. 17, 2018).  As a result, I find the requested attorney and paralegal rates to be reasonable and will award those hourly rates in full.

####   b.  **Hours Expended**

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended.  *Wasson*, 24 Cl. Ct. at 484.  Accordingly, I may reduce the number of hours claimed based on past experience.  *Saxton*, 3 F.3d at 1521.  Petitioner requests $9,290.00 in attorney's fees.  After review of the hours billed, I find that the hours billed are reasonable and no reductions are necessary.  **Accordingly, petitioner is awarded attorney's fees in the amount of $9,290.00**.

---

[3] Identified as "LA/A" within the filed billing records.

### c. Attorney's Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $524.92 in costs. This represents the cost of filing the petition, obtaining medical records, and postage. These costs are typical of the expenses in the Vaccine Program. However, Mr. Rooney did not provide receipts or invoices for obtaining medical records from Michigan Orthopaedic Institute, P.C. and Beaumont Hospital – Royal Oak to document these costs. Pet. Fees App. at 9. **Therefore, I will reduce the requested attorney's costs by $106.01 and award attorney's costs in the amount of $418.91.**

### V. Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**. I will award petitioner attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $9,290.00 |
| (Total Reduction of Fees) | - |
| **Attorneys' Fees Awarded** | **$9,290.00** |
| | |
| Attorneys' Costs Requested | $524.92 |
| (Reduction of Costs) | -$106.01 |
| **Attorneys' Costs Awarded** | **$418.91** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$9,708.91** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $9,708.91, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Mr. Scott Rooney.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<b>s/Thomas L. Gowen</b><br>
Thomas L. Gowen<br>
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).